UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PEARSON EDUCATION, INC.,
ELSEVIER, INC.,
CENGAGE LEARNING, INC.,
JOHN WILEY & SONS, INC., and
MCGRAW-HILL GLOBAL EDUCATION
HOLDINGS, LLC,

   Plaintiffs,

v.

HOTFILE CORP. and
ANTON TITOV,

   Defendants.

## HOTFILE CORP'S ANSWER TO COMPLAINT

Defendant Hotfile Corp. ("Hotfile"), for its Answer to the Complaint of Plaintiffs Pearson Education, Inc., Elsevier, Inc., Cengage Learning, Inc., John Wiley & Sons, Inc., and McGraw-Hill Global Education Holdings, LLC (collectively, the "Plaintiffs" or "Publishers") answers as follows:

### NATURE OF THE ACTION

1. Hotfile is without sufficient information or knowledge to admit or deny the allegations of the first four sentences of this paragraph and therefore denies the same. Hotfile denies the allegations of the fifth sentence of this paragraph.

2. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

3. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

4.      Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

5.      Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

6.      Hotfile admits that it designed, created and maintained a business called Hotfile that provided online file storage services to its users (the "Hotfile Website").  Hotfile admits that allowed users to upload digital content to the Hotfile Website's servers and that, if the uploading user chose to share that content, the uploading user could enable other users to download that content.  Hotfile denies the remaining allegations of this paragraph.

7.      Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

8.      Hotfile admits that the Court in *Disney Enterprises, Inc., et al v. Hotfile Corp., et al*, No. 1:11-cv-20427-CIV-KMW (S.D. Fla. Sept 20, 2013) issued a ruling regarding Hotfile. Hotfile states that the referenced ruling speaks for itself and no answer to the allegations contained in this paragraph is required.  To the extent a response is deemed necessary, Hotfile denies the allegations of this paragraph.  In answering further, Hotfile states that the referenced ruling applies only to Hotfile's alleged conduct prior to the filing of the complaint in that action on February 8, 2011.

9.      Hotfile states that the referenced ruling speaks for itself and no answer to the allegations contained in this paragraph is required.  To the extent a response is deemed necessary, Hotfile denies the allegations of this paragraph.  In answering further, Hotfile states that the referenced ruling applies only to Hotfile's alleged conduct prior to the filing of the complaint in that action on February 8, 2011.

10. This paragraph contains a conclusion of law for which no response is required. To the extent a response is deemed necessary, Hotfile denies the allegations of this paragraph.

## PARTIES

11. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

12. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

13. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

14. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

15. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

16. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

17. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

18. Hotfile admits the allegations of this paragraph.

19. Hotfile admits that Defendant Anton Titov ("Titov") is a foreign national. Hotfile denies that Titov resides in Florida. Hotfile admits that Titov was involved in designing some of the software for the Hotfile Website, that he participated in designing some of the business model of the Hotfile Website, that he was a principal of Hotfile Corp., and that he received

compensation as a result of his engagement with Hotfile Corp.  Hotfile denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

20.     Hotfile admits the allegations of this paragraph for jurisdictional purposes only and denies them in all other respects.

21.     Hotfile admits that Hotfile utilized Lemuria Communications for Internet hosting services.  Hotfile denies the remaining allegations of this paragraph.

22.     Hotfile denies the allegations of this paragraph.

23.     Hotfile admits the allegations of this paragraph for venue purposes only and denies them in all other respects.

## THE HOTFILE SYSTEM

24.     Hotfile admits the allegations in this paragraph.  In answering further, Hotfile states that although it is technically true that "anyone with a computer and Internet connection could access any file on Hotfile," Hotfile provided no index or search feature, which meant that anyone trying to access a file on the Hotfile Website must have known its exact location or URL.

25.     Hotfile admits that it did not have a search feature built into the Hotfile Website system.  Hotfile admits that certain third-party websites indexed or aggregated files on the Hotfile Website.  Hotfile denies the remaining allegations of this paragraph.

26.     Hotfile admits that the files on the Hotfile Website were available to anyone on the Internet as long as such person knew such file's exact URL.  Hotfile denies the remaining allegations of this paragraph.

27.     Hotfile admits that anyone who knew the exact URL for a file could download that file.  Hotfile admits that it sold "Premium" subscriptions that granted users faster download

speeds, fewer download restrictions and longer storage times for files they uploaded.  Hotfile admits that "Premium" subscriptions were available for nine dollars per month.  Hotfile admits that these subscriptions were Hotfile only source of substantial revenue.  Hotfile denies the remaining allegations of this paragraph.

28.    Hotfile admits only that it had an affiliate program through which it compensated some users for posting some files.  Hotfile denies the remaining allegations of this paragraph.

29.    Hotfile denies the allegations of this paragraph.

30.    Hotfile admits only that it paid some affiliate sites on some Premium subscriptions sold by Hotfile.  Hotfile denies the remaining allegations of this paragraph.

31.    Hotfile states that the referenced ruling speaks for itself and no answer to the allegations contained in this paragraph is required.  To the extent a response is deemed necessary, Hotfile denies the allegations of this paragraph.  In answering further, Hotfile states that the referenced ruling applies only to Hotfile's alleged conduct prior to the filing of the complaint in that action on February 8, 2011.

32.    Hotfile denies the allegations of this paragraph.

33.    Hotfile states that the reference ruling speaks for itself and no answer to the allegations in this paragraph based on that ruling is required.  To the extent a response is deemed necessary to those allegations, Hotfile denies those allegations.  In answering further, Hotfile states that the referenced ruling applies only to Hotfile's alleged conduct prior to the filing of the complaint in that action on February 8, 2011.  Hotfile denies the remaining allegations of this paragraph.

34.    Hotfile denies the allegations of this paragraph.

35. Hotfile admits that Titov participated in the design of some of the Hotfile Website's software. Hotfile admits that Titov participated in creating parts of the Hotfile Website. Hotfile is without sufficient information to determine whether Titov "created" Lemuria Communications, and therefore denies the same. Hotfile denies the remaining allegations of this paragraph.

36. Hotfile admits only that it paid compensation to Titov. Hotfile denies the remaining allegations of this paragraph.

37. Hotfile states that the referenced ruling speaks for itself and no answer to the allegations contained in this paragraph is required. To the extent a response is deemed necessary, Hotfile denies the allegations of this paragraph. In answering further, Hotfile states that the referenced ruling applies only to Hotfile's alleged conduct prior to the filing of the complaint in that action on February 8, 2011.

## CLAIM FOR RELIEF

### VICARIOUS INFRINGEMENT OF COPYRIGHT

38. Hotfile repeats and incorporates by reference each and every one of the foregoing responses to the allegations as if set forth at length herein.

39. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

40. Hotfile is without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore denies the same.

41. Hotfile denies the allegations of this paragraph.

42. Hotfile denies the allegations of this paragraph.

43. Hotfile denies the allegations of this paragraph.

44. Hotfile denies the allegations of this paragraph.

45. Hotfile denies the allegations of this paragraph.

46. Hotfile denies the allegations of this paragraph.

47. Hotfile denies the allegations of this paragraph.

48. Hotfile denies the allegations of this paragraph.

## GENERAL DENIAL

Each and every allegation of the Complaint not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1. The Complaint is barred, in whole or in part, by the statute of limitations.

2. This Court lacks personal jurisdiction over the Defendants.

3. The Complaint fails to state a claim upon which relief can be granted.

4. Plaintiffs are barred from equitable recovery inasmuch as they have unclean hands.

5. Hotfile's actions and omission constitute fair use, and as such, the Complaint must fail.

6. The Complaint is barred, in whole or in part, by lack of scienter.

7. The Complaint is barred, in whole or in part, because any damages to Plaintiffs were not the proximate result of Hotfile's actions or omissions.

8. The Complaint is barred, in whole or in part, because Plaintiffs have suffered no compensable injury.

9. Plaintiffs are not entitled to injunctive relief because they have not established irreparable harm.

10. Plaintiffs cannot recover damages from Hotfile to the extent that damages alleged by Plaintiffs are speculative or uncertain.

11. Plaintiffs cannot recover damages from Hotfile to the extent that Plaintiffs failed to mitigate their alleged damages.

12. The Complaint is barred, in whole or in part, because the alleged infringement, if any, was innocent.

13. The Plaintiffs have failed to comply with the requirements of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.

14. Hotfile is entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.

15. The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of Hotfile, nor within Hotfile's control.

16. Hotfile's actions and omissions were lawful, justified and privileged.

17. The Complaint is barred, in whole or in part, by an express and/or implied license.

Hotfile has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. Hotfile further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the court of subsequent discovery.

## HOTFILE DEMANDS A TRIAL BY JURY

## PRAYER FOR RELIEF

**WHEREFORE**, Hotfile prays for the following relief:

1. That Plaintiffs take nothing by way of their Complaint, that the Complaint be dismissed with prejudice and that judgment be rendered in favor of Hotfile;

2. That Hotfile be awarded its costs including reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505, and costs pursuant to 28 U.S.C. § 1920; and

3. For such other and further relief as the Court deems just and proper.

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice* pending)
Matthew Shayefar (# 685927 - *pro hac vice* pending)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice* pending)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 507-8043
Evan@CFWLegal.com

*Attorneys for Hotfile*

### CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 21st day of July, 2014.

/s/ Brady J. Cobb
Brady J. Cobb