UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-20200-CIV-BLOOM/Valle

PEARSON EDUCATION, INC., ELSEVIER, INC.,
CENGAGE LEARNING, INC., JOHN WILEY &
SONS, INC., AND MCGRAW-HILL GLOBAL
EDUCATION HOLDINGS, LLC,

    *Plaintiffs*,

v.

HOTFILE CORP. and ANTON TITOV,

    *Defendants*.

_____/

## JOINT SCHEDULING CONFERENCE REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, the parties hereby submit their Joint Scheduling Report.[1]  Counsel for the parties met and conferred on August 13, 2014.  This Report outlines the parties' proposed discovery plan and the specific topics indicated in Local Rule 16.1(b).  The parties' respective positions are separately stated where the parties are in disagreement.

    A.    **Nature of Claims and Defenses**

Plaintiffs' summary of their claims:  This is an action for copyright infringement brought by Pearson Education, Inc., Elsevier, Inc., Cengage Learning, Inc., John Wiley & Sons, Inc., and McGraw-Hill Global Education Holdings, LLC ("Plaintiffs") against Hotfile Corp. and Anton Titov ("Defendants").  Plaintiffs have alleged that Defendants—through their operation of the website located at www.hotfile.com ("Hotfile")—engaged

---

[1] Defendant Anton Titov filed a motion to dismiss for lack of personal jurisdiction on July 21, 2014 (D.E. 16) (the "Motion").  Plaintiffs' response to the Motion is due on September 8, 2014 (D.E. 26).  Without waiving any of the rights, claims, arguments, or defenses asserted in the Motion, counsel for Defendant Titov participated in the Rule 26(f) conference and, accordingly, Defendant Titov joins this Report.

in the vicarious infringement of Plaintiffs' copyrighted textbooks and other educational materials on an immense scale.  Compl. ¶¶ 1-7.  Defendants encouraged their users to upload infringing copies of Plaintiffs' valuable, copyrighted educational content to Hotfile's computer servers and to promote those works for download by other users, including by providing Hotfile's users financial incentives to engage in such conduct.  *Id.* ¶¶ 24-30.  Defendants' model for generating revenue depended on their users uploading and promoting these infringing works.  *Id.*  Defendants were fully aware of the infringement to which they materially contributed.  *Id.* ¶ 32.  Moreover, Defendants obtained a financial benefit from infringement, *id.* ¶ 27, that they had the right and ability to control, but did not stop, *id.* ¶¶ 32-33.

As a result of this and other conduct alleged in Plaintiffs' complaint, Defendants are liable for vicarious copyright infringement.  Defendants have already been adjudicated by this Court to be liable for copyright infringement based on facts identical to those alleged here.  In a related case, *Disney Enterprises, Inc.* et al. *v. Hotfile Corp.*, et al., No. 1:11-cv-20427-CIV-KMW (S.D. Fla. Sept. 20, 20134) (the "Prior Action"), Judge Williams found Defendants Hotfile Corp. and Titov vicariously liable for copyright infringement, and granted summary judgment against Hotfile Corp. and Titov as to an all-but identical claim of vicarious copyright infringement.  *See* slip op. at 81-90.  Accordingly, Plaintiffs here are entitled to an order precluding Defendants from litigating the same issues essential to the judgment of vicarious infringement against Hotfile Corp. and Titov in the Prior Action.

As relief, Plaintiffs seek their actual damages and Defendants' profits, *id.* ¶ 45, or, in the alternative, maximum statutory damages for each work infringed, *id.* ¶46;

attorney's fees and costs, *id.* ¶ 47; and injunctive relief, *id.* ¶ 48.

<u>Hotfile's statement of defenses</u>:

Plaintiffs have filed a lawsuit against a company that is no longer in business (Hotfile Corp.) and an individual no longer associated with that company who is not even subject to the jurisdiction of this court (Mr. Titov).  Plaintiffs have based their lawsuit on a previous finding from this Court wherein the Court found that Hotfile Corp was liable for certain infringing activities occurring prior to February 8, 2011 with relation to plaintiffs and copyright wholly unrelated to the current Plaintiffs and copyrights.

The Court also recognized that Hotfile Corp had changed its practices to be in line with the safe harbor provisions of the Digital Millennium Copyright Act following February 8, 2011.  Therefore, to the extent that Plaintiffs have any legitimate claims against Hotfile, they must arise from infringing activities that took place between January 17, 2011 (three years before the filing of the Complaint in this action, in accordance with the statute of limitations on copyright infringement) and February 8, 2011.  Moreover, Hotfile contends that the facts in relation to Plaintiffs' claims against Hotfile are sufficiently dissimilar from the facts relevant to the previous case such that the court's prior finding is inapplicable.

With respect to Mr. Titov, Mr. Titov contends that although the Court in the prior case found that he had not timely raised the issue of his personal jurisdiction in that case, to the extent that that court's ruling was proper his failure to timely raise the issue of personal jurisdiction in that case does not prejudice his right to do so in this case.

**B.     Discovery Plan**

**1.     Rule 26(a) Disclosures.**

The parties do not believe that any change should be made in the form or

3

requirement for disclosures under Rule 26(a).  Accordingly, the parties propose that the due date for the exchange of Rule 26(a) disclosures be August 27, 2014 for Plaintiffs and Defendant Hotfile Corp.  The parties propose that Defendant Titov's initial disclosures be due 7 days from the date Titov files his Answer.

### 2. Subjects on Which Discovery May Be Needed.

Plaintiffs do not intend to seek discovery relating to all of the issues litigated in the Prior Action.  Plaintiffs believe that discovery will be required on the following issues, among others:  (1) downloads of Plaintiffs' copyrighted works via Hotfile; (2) the means and extent of infringement of Plaintiffs' copyrights via Hotfile; (3) Defendants' removal of and failure to remove infringing content from their system in response to notices from copyright owners or otherwise; (4) Defendants' revenues and profit from their infringing activities; (5) Defendants' compliance with the provisions of the Digital Millennium Copyright Act, including maintenance and implementation of a repeat infringer policy.  In addition, Plaintiffs may seek discovery relating to Defendant Titov's motion to dismiss for lack of personal jurisdiction.

### 3. Case Management Track.

The parties believe that this case should proceed on the standard track pursuant to Local Rule 16.1(a)(2)(B).  In order to avoid duplicative discovery, the parties propose that the time to complete discovery, other than discovery Plaintiffs may seek relating to personal jurisdiction, run from the date Defendant Titov files his Answer to the Complaint or, if Titov's motion to dismiss for lack of personal jurisdiction is granted, from the date of such order dismissing Titov from this action with prejudice, whichever occurs first.  The parties propose that the time to complete discovery be 269 days.

### 4. Proposed Time Limits.

4

The parties propose the time limits described below. Where a time limit is described in number of days, the parties propose that such time limit run from the date Defendant Titov files his Answer to the Complaint or, if Titov's motion to dismiss for lack of personal jurisdiction is granted, from the date of such order dismissing Titov from this action with prejudice, whichever occurs first.

| Event | Parties' Proposal |
|---|---|
| Deadline for Fed. R. Civ. P. 26(a) Initial Disclosures | August 27, 2014; in the case of Defendant Titov, 7 days from the date Titov files his Answer. |
| Deadline for joining parties and amending pleadings | 210 days |
| Deadline for exchanging privilege logs | 210 days |
| Deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2) | 210 days |
| Deadline for rebuttal expert reports | 240 days |
| Deadline for completion of discovery | 269 days |
| Deadline for dispositive motions | 330 days |

5. **Likelihood of Settlement**

The parties have not yet engaged in a settlement discussion, but are open to the possibility of promptly settling this action. The parties do not believe that the schedule should be modified at this time based on the likelihood of settlement.

6. **Additional Parties and Amended Pleadings**

Plaintiffs are not currently aware of any additional parties that need to be added to this action. However, Plaintiffs believe it is possible that discovery may reveal that an additional party will need to be added to the case.

In addition, based on the scale of Defendants' infringement, Plaintiffs believe that

discovery will reveal additional copyrighted works outside of those identified in the Complaint that have been infringed by Defendants. As such, Plaintiffs anticipate the need to amend their Complaint to include Plaintiffs' additional copyrighted works identified through discovery as being infringed by Defendants.

7. **Proposals for the Formulation and Simplification of Issues.**

The parties agree that discovery requests served by one side on the opposing side will be equally applicable to all parties on the other side, unless otherwise specified by the serving party.

Plaintiffs intend to move for summary judgment as to Defendants' liability for vicarious infringement of Plaintiffs' copyrighted works based on the collateral estoppel and/or issue preclusive effect of Judge Williams's Order dated August 28, 2013 in the Prior Action (D.E. 534) (the "Order"). Accordingly, Plaintiffs believe this case can be resolved via summary judgment based on limited discovery.

8. **Admissions of Fact and Documents and Avoidance of Unnecessary Proof and Cumulative Evidence.**

Plaintiffs intend to move for summary judgment based on the collateral estoppel and/or issue preclusive effect of factual findings and rulings of law in Judge Williams's Order in the Prior Action. As such, Plaintiffs do not intend to seek discovery relating to issues decided in the Court's Order in the Prior Action and which will form the basis for issue preclusion in this action.

9. **Suggestions on the Advisability of Referring Matters to a Magistrate Judge**

The parties do not believe that any non-discovery matters should be referred to a magistrate judge at this time.

10. **Preliminary Estimate of the Time Required for Trial and**

6

**Requested Dates for Pre-Trial Conference and Trial**

Plaintiffs expect that liability will be resolved via summary judgment and thus a trial will not be necessary. However, to the extent that a trial is necessary, the expected length of the trial will depend on the issues remaining following the Court's decision on summary judgment. As such, Plaintiffs request that the parties be permitted to propose dates for the pre-trial conference and trial after the Court renders a decision on the parties' dispositive motions.

Dated:  August 13, 2014

By: */s/ Karen L. Stetson*
Karen L. Stetson

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887
karen.stetson@gray-robinson.com

OPPENHEIM + ZEBRAK, LLP
Matthew J. Oppenheim (admitted *pro hac vice*)
Kerry M. Mustico (admitted *pro hac vice*)
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
Tel:  202-621-9027
matt@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

By: */s/ Brady J. Cobb*
Brady J. Cobb

Valentin D. Gurvits
Matthew Shayefar
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

Brady J. Cobb
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cemlaw.net

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants*