UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-20200-CIV-BLOOM/VALLE

PEARSON EDUCATION, INC.,
ELSEVIER, INC.,
CENGAGE LEARNING, INC.,
JOHN WILEY & SONS, INC., and
MCGRAW-HILL GLOBAL EDUCATION
HOLDINGS, LLC,

   Plaintiffs,

v.

HOTFILE CORP. and
ANTON TITOV,

   Defendants.

**DECLARATION OF ANTON TITOV IN SUPPORT OF REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, Anton Titov, declare as follows:

    1.    I am a founder and technologist for Defendant Hotfile Corporation ("Hotfile") and a named defendant in the above captioned action. This declaration is based on personal knowledge unless indicated otherwise and all statements contained in this declaration are true and correct to the best of my knowledge. If called as a witness, I could and would testify to the facts set forth in this declaration.

    2.    I have reviewed the Plaintiffs' Opposition to Defendant Anton Titov's Motion to Dismiss for Lack of Personal Jurisdiction and believe that the Plaintiffs have misstated certain facts.

3. I reiterate that I never owned or operated the Hotfile Website. The Hotfile Website was owned and operated by Hotfile Corp., a Panamanian company of which I was a minority (and, indeed, the smallest) shareholder.

4. Again, however, I have personally never owned or operated the Hotfile Website. I did not control Hotfile, nor did I have the authority to make unilateral decisions affecting the important aspects of Hotfile or its business or operations.

5. Lemuria was not formed for any reason related to the alleged copyright infringements on the Hotfile Website. As was previously explained in the Disney case, the Hotfile Website commenced operations in February of 2009. In approximately May of 2009, Hotfile began to be dissatisfied with its then provider of internet connectivity services, Webazilla. The following month, Hotfile communicated to Webazilla that it was going to terminate Webazilla's services. The termination of the relationship with Webazilla took several months, as it required many hardware changes and reconnections, including the relocation of 30-40 servers between two different data centers several miles apart. It was *after* Hotfile had already communicated that it was going to terminate Webazilla's services that a subpoena to Webazilla was issued in August of 2009. In order to avoid connectivity problems in the future, I offered to incorporate a new entity, Lemuria Communications, Inc., to deliver internet connectivity (and other related services) to Hotfile going forward. Lemuria was incorporated in October of 2009. The formation of Lemuria was unrelated to allegations of copyright infringement.

6. Lemuria has, at all times, maintained corporate formalities. It was duly incorporated in accordance with Florida law. It has regularly filed all necessary corporate documents with the Florida Secretary of State. It has appointed an agent for service of process in

accordance with Florida law. It is adequately capitalized in that it has and maintains funds adequate to pay for its operations and to meet its obligations to creditors. It maintains financial accounts for use in its operations that are separate from the accounts of any other person or entity. I have never used Lemuria's bank account or corporate funds for my own personal use.

7. I have not performed work in Florida in any continuous or systematic way. I have visited Florida only sporadically (with my total number of visits being somewhere between 5 and 7, but no more than 10) and only for tourism reasons or to perform work on behalf of Lemuria.

8. My visits to Florida were primarily as a tourist and secondarily in my capacity as a corporate officer or director of Lemuria.

9. Although I spent a portion of the summer of 2010 in Miami Beach in Florida (between 2 to 3 months as far as I can remember), I was not "living" there. I was there only on a temporary basis and for the primary purpose of tourism. My permanent residence continued to be in Bulgaria (where it has been for the past two decades) where my family, my house and my car were.

10. Since the *Disney* lawsuit was filed in February of 2011, I believe that I have only visited Florida approximately two times and only in connection with that lawsuit. I have not visited Florida at all since 2012.

11. Lemuria provides internet connectivity and related services to parties other than Hotfile. In fact, Lemuria has continued to provide such services to third parties since the Hotfile Website was permanently shut down in December of 2013.

12. Although I was involved in choosing Mr. Constantin Luchian in Florida as Hotfile's DMCA agent, I did not "personally direct all communications with Hotfile regarding infringement" to Mr. Luchian. Hotfile made Mr. Luchian's contact information available on the

Hotfile Website and through the United States Copyright Office for parties to contact him directly without my or Hotfile's intervention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of September, 2014.

_____
Anton Titov