UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-20200-CIV-BLOOM/VALLE

PEARSON EDUCATION, INC.,
ELSEVIER, INC.,
CENGAGE LEARNING, INC.,
JOHN WILEY & SONS, INC., and
MCGRAW-HILL GLOBAL EDUCATION
HOLDINGS, LLC,

   Plaintiffs,

v.

HOTFILE CORP. and
ANTON TITOV,

   Defendants.

**DEFENDANTS' MOTION FOR LEAVE TO PARTICIPATE IN COURT-ANNEXED MEDIATION BY SKYPE OR VIDEOCONFERENCE**

Pursuant to Local Rule 16.2(e), Defendants Hotfile Corporation ("Hotfile"), a Panamanian Corporation, and Anton Titov ("Mr. Titov"), a Russian citizen who resides full-time in Bulgaria, respectfully move for leave to participate in the Court-Annexed mediation via Skype or other videoconference service.  In support of this Motion, the Defendants state as follows.

   1.     Hotfile previously operated a website located at Hotfile.com.  Following a similar suit brought against Hotfile in this Court, Hotfile ceased operating the Hotfile.com website and, indeed, ceased operating as an active company in any respect.

   2.     Mr. Titov is an individual residing in Bulgaria.  Previously, he was a shareholder in Hotfile and, indeed, he owned the smallest share of the three principles of Hotfile.

3.  Requiring Mr. Titov's presence in Florida for the Court-Annexed mediation presents an undue and unnecessary hardship both financially and practically.  More specifically, travel from Bulgaria to Florida takes approximately 25 hours (including stops) each way, crossing seven (7) different time zones.  In addition to the travel time itself, given the effects of travel and jetlag, Mr. Titov would likely have to fly to Florida at least two or three days prior to any scheduled mediation, only to then spend another 25 hours returning to Bulgaria (and another day's recovery on the returning end).  All told, then, Mr. Titov will be required to devote a full five days (at least) to a mediation that likely will last just a few hours.  Such an investment of time simply presents an unreasonable demand of Mr. Titov, given the relatively short amount of time dedicated to the mediation process itself.

4.  Additionally, air travel alone from Bulgaria to Florida costs between $2,000 and $3,000.  Along with the costs of lodging and local transportation, Mr. Titov will be required to spend upwards of $5,000 simply to *attend* the mediation, without regard for the costs of the mediation itself.

5.  To travel to the United States to participate in the mediation, Mr. Titov will first have to apply for and be granted a Visa.  The process can be a long one and, ultimately, there is no guarantee that he will receive a Visa.

6.  Mr. Titov has filed a Motion to Dismiss for Lack of Personal Jurisdiction over him, which is currently pending before this Court.  Despite the fact that attendance at a Court-Ordered mediation should *not* form the basis of personal jurisdiction over a litigant, the Plaintiffs here have pointed to Mr. Titov's attendance at just such a mediation in the prior litigation as justification for asserting personal jurisdiction over him here.  Surely, if Mr. Titov is forced to attend another mediation in the District, the Plaintiffs (and perhaps future litigants) will similarly

point to such attendance, despite being forced, as a basis for exercising personal jurisdiction over him. An individual should not be forced into a situation where a Court has manufactured minimum contacts with a forum state where none existed previously.

7. The goals of the mediation can be met fully without the need for Mr. Titov to invest five days of his time and thousands of dollars simply to be able to attend in person. Mr. Titov is willing to participate fully in the mediation through use of Skype or other videoconferencing technology. The use of such technology meets the goal of having participants fully engaged in the mediation process, able to hear (and see) the presentations of opposing counsel and parties, as well as the mediator himself. Nothing of substance is gained by requiring Mr. Titov's physical presence in Florida for a process that will likely last but a few hours.

8. The mediator selected by the parties, Attorney Jeffrey Grubman, is an experienced mediator, who will undoubtedly be well equipped to deal with any issues which may arise as a result of Mr. Titov participating via Skype or other teleconferencing technology.

Accordingly, the Defendants respectfully request that they be permitted to participate in the Court-Annexed Mediation via Skype or other teleconferencing technology.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion, including Plaintiffs' counsel, in a good faith effort to resolve the issues and Plaintiffs oppose the motion.

**Respectfully submitted:**

/s/ Matthew Shayefar
Matthew Shayefar (# 685927 - *pro hac vice*)
Valentin D. Gurvits (# 643572 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA  02459
Telephone: (617) 928-1806
Facsimile: (617) 928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cemlaw.net

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com
*Attorneys for Anton Titov*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 10th day of October, 2014.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST:

CASE NO. 14-CV-20200-BB

*Counsel for Plaintiffs:*

| | |
|---|---|
| GRAY-ROBINSON, P.A. | OPPENHEIM + ZEBRAK, LLP |
| Karen L. Stetson (Fla Bar No. 742937) | Matthew J. Oppenheim |
| karen.stetson@gray-robinson.com | matt@oandzlaw.com |
| 1221 Brickell Avenue | Kerry M. Mustico |
| Suite 1600 | Kerry@oandzlaw.com |
| Miami, Florida 33131 | 4400 Jenifer Street, NW, Suite 250 |
| Phone: 305.416.6880 | Washington, DC 200015 |
| Fax: 305.416.6887 | Phone: 202.621.9027 |

*Counsel for Defendants:*

| | |
|---|---|
| Valentin Gurvits, Esq. (*Pro Hac Vice*) | Brady J. Cobb, Esquire |
| Email:  vgurvits@bostonlawgroup.com | COBB EDDY MIJARES, PLLC |
| Matthew Shayefar, Esq. *(Pro Hac Vice)* | 624 Northeast Third Avenue |
| Email: matt@bostonlawgroup.com | Fort Lauderdale, Florida 33304 |
| BOSTON LAW GROUP | Telephone: 954.527.4111 |
| 825 Beacon Street, Suite 20 | Facsimile: 954.900.5507 |
| Newton Center, MA 02459 | |
| Telephone:  617.928.1800 | |
| Telecopy:  617.928.1802 | |