UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-20200-CIV-BLOOM/VALLE

PEARSON EDUCATION, INC., ELSEVIER, INC.,
CENGAGE LEARNING, INC., JOHN WILEY &
SONS, INC., AND MCGRAW-HILL GLOBAL
EDUCATION HOLDINGS, LLC,

    *Plaintiffs*,
v.

HOTFILE CORP. and ANTON TITOV,

    *Defendants*.
_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO PARTICIPATE IN MEDIATION BY VIDEOCONFERENCE**

Pearson Education, Inc., Elsevier, Inc., Cengage Learning, Inc., John Wiley & Sons, Inc., and McGraw-Hill Global Education Holdings, LLC ("Plaintiffs") respectfully submit this opposition to Defendants' motion for leave to participate in the Court-ordered mediation via videoconference ("Motion").

Defendants Hotfile Corp. and Anton Titov seek the Court's permission to attend the court-mandated mediation by videoconference. If the point of the court-mandated mediation is to maximize the likelihood of a resolution outside of the courtroom, doing so without the principals attending in person will undermine that goal. Without <u>all</u> of the parties' physically present at and engaged in the court-ordered mediation, the mediation will lose its potential value, becoming a waste of time and expense. This is the very reason Local Rule 16.2 requires in-person attendance at mediation. Titov's burden in traveling to Florida is not nearly as great as he would lead the Court to believe; in any case, Titov has volunteered to undertake this "burden" on

numerous occasions in order to avail himself of the privilege of doing business in Florida. In order to maximize the likelihood of resolving this dispute, Mr. Titov should agree to travel to Florida to mediate this case.[1] If this case does not settle and ultimately goes to trial, there can be little doubt that Mr. Titov would appear for the trial. Rather than wait until that point in the litigation for Mr. Titov to invest in resolving this dispute, the Court should order him to attend mediation in person.

If Mr. Titov is not obligated to attend mediation in person, then there is no justification for requiring Plaintiffs' principal decision-makers to travel from various locations to attend the mediation in person if Defendants will not be present.

For these reasons, Plaintiffs propose that the parties engage in a two-step alternative dispute resolution process. First, and as soon as possible, counsel for the parties should engage in telephonic settlement negotiations. Second, if the telephonic negotiations reach an impasse, the parties should attend—in-person—court-ordered mediation at a later time. Plaintiffs propose that, for economy's sake, the mediation occur in conjunction with Titov's deposition, so that he is not required to travel to the United States more than is necessary. Plaintiffs' proposed process presents the best opportunity for resolving this litigation expeditiously while minimizing the use of the parties' and the Court's time and resources. Accordingly, the Court should deny Defendants' Motion and endorse Plaintiffs' proposed ADR process.

**The Parties' In-Person Attendance Is Critical to a Meaningful Mediation**

In order to be successful, mediation requires the parties' full commitment to and investment in the mediation process. Because mediation is dynamic, allowing the parties to have direct personal contact with each other and the mediator is crucial. *See Dodd v. Matthews*, Case

---

[1] In the event that Mr. Titov would prefer to mediate in New York or Boston, Plaintiffs would be willing to conduct the mediation in either of those locations.

No. 8:12-cv-2054-T-33TGW, 2013 U.S. Dist. LEXIS 92013, at *2-4 (M.D. Fla. July 1, 2013) (denying request to appear telephonically based on difficult physical and financial hardship involved in traveling to Florida because "the Court strongly believes that mediation conferences are most effective when attended personally, rather than telephonically").  Indeed, the physical presence of the parties at the table facilitates and enhances communication and understanding between the parties.  *See Hernandez v. Wilsonart Int'l,* Case No. 2:09-cv-747-FtM-36SPC, 2011 WL 899469, 2011 U.S. Dist. LEXIS 31663, at *2-3 (M.D. Fla. Mar. 15, 2011) (denying motion for leave to attend mediation by videoconference and noting that the "rationale behind the requirement that a party attend the mediation in person is so that the party may actively participate in the discussions and negotiations").

Without Defendants' attendance in person, there is little incentive for Plaintiffs to be fully committed to and engaged in court-annexed mediation.  There is also no justification for requiring Plaintiffs—five large corporations headquartered in various locations—to spend the time and expense involved in having key decision-makers travel to Florida, just to participate in a videoconference with Defendants.  *See Arzu v. Mar's Hous. & Communs., Inc.*, No. 8:09-cv-01620-T-24-TGW, 2010 WL 1924457, 2010 U.S. Dist. LEXIS 55787, at *2 (M.D. Fla. May 12, 2010) ("A mediation with only one party present would be an extraordinary waste of time and resources.").  Then, with only counsel and the mediator present trying to negotiate via a cumbersome videoconferencing process, all the potential benefits to be reaped from mediating are lost.  As mentioned above, none of the parties are likely to be fully engaged in the mediation.  But, there is also no control over the parties' individual surroundings and concomitant distractions, such as email, phone calls, or other work demands.

**The Burden in Traveling to Florida Is Not Undue**

Defendants argue that requiring Titov to travel to Florida from Bulgaria, where he resides, would be too burdensome.  Defendants cite the cost—"between $2,000 and $3,000"—and travel time—"approximately 25 hours (including stops) each way"—which would require Titov "to devote a full five days (at least) to [the] mediation."  But, Defendants grossly exaggerate their purported burden.  Plaintiffs' research, and indeed a review of any major travel website,[2] shows that round-trip flights from Sofia, Bulgaria to Miami average between $1100 and $1600.[3]  Flight duration is approximately 15.5 hours for the outbound flight and 13 hours for the return, which travel time includes a single layover.  Thus, Titov need only spend three nights away from Bulgaria to attend the mediation.  Courts have denied requests to attend mediation telephonically or by videoconferencing in circumstances involving much greater hardship.  *See Shah v. Centrum, Inc.*, No. 8:11-cv-905-T-33MAP, 2011 U.S. Dist. LEXIS, at *2-3 (M.D. Fla. Aug. 7, 2012) (citing *Percoraro v. State Farm Fire & Cas. Co.*, No. 1:07cv777-LTS-RHW, 2008 U.S. Dist. LEXIS, 2008 WL 3842912, at *1 (S.D. Miss. Aug. 13, 2008) ("'This Court has denied other requests based on hardship, including one in which the Plaintiff … had limited financial means to travel … for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited.'")); *see also Otto v. Saia*, No. 04-CV-494(Sc), 2006 U.S. Dist. LEXIS 15381, at *8 (W.D.N.Y. Mar. 31, 2006) ("Inconvenience, travel costs, attorney fees or other costs shall not constitute 'good cause' for relief from in person attendance") (internal quotations and citation omitted).

Defendants also argue that if Titov is forced to appear for mediation, future litigants could point to such attendance as a basis for the Court to exercise personal jurisdiction over him.

---

[2] Plaintiffs' counsel reviewed flights on www.kayak.com.
[3] In addition, if the mediation is held in conjunction with Titov's deposition in the United States (*see* discussion *infra* p. 5-6), Plaintiffs would be willing to split the cost of Titov's reasonable travel expenses with Defendants.

4

There is simply no merit to Defendants' argument.  First, this Court determined at the hearing on Titov's motion to dismiss for lack of personal jurisdiction that Titov was subject to general jurisdiction in Florida.  Second, whether some unknown future litigants could argue that the Court can assert personal jurisdiction over Titov in some hypothetical case is certainly not cause for excusing his attendance at court-annexed mediation in this case.

**Plaintiffs' Proposed ADR Process**

In order to take full advantage of the potential benefits of mediation, as well as to minimize the time and expense involved for all parties, Plaintiffs propose a two-step process for alternative dispute resolution in this case.  First, Plaintiffs propose that counsel for the parties engage in telephonic settlement negotiations as soon as possible.  Toward that end, the parties' counsel have already discussed having an initial settlement conference in the next week.  Second, should those settlement negotiations not lead to resolution of this case, Plaintiffs propose that the parties participate in court-annexed mediation <u>in person</u> in conjunction with Titov's deposition here in the United States.[4]  Plaintiffs are willing to split Titov's reasonable travel expenses to the

---

[4] While the location of Titov's deposition is not presently before the Court, Plaintiffs address the issue briefly here because Defendants raised it—and misstated the law—during the October 23, 2014 hearing.  Courts in the Southern District of Florida, and elsewhere, routinely compel foreign defendants to travel to the United States to be deposed.  "It is well settled that the district court has great discretion in designating the location of taking a deposition." *Partecipazioni Bulgari SpA. V. Meige*, No. 86-2516-Civ-Ryskamp, 1988 U.S. Dist. LEXIS 12122, at *3 (S.D. Fla. May 20, 1988); *see also Barrocos of Fla., Inc. v. Elmassian*, No. 11-CV-22393-SCOLA, 2012 WL 1657204, 2012 U.S. Dist. LEXIS 65523, at 3* (S.D. Fla. May 10, 2012) ("Ultimately, the location of the deposition is in [the Court's] discretion.") (internal quotations and citation omitted).  Among the factors courts consider are the convenience of *all* of the parties and the general interest of judicial economy.  *Meige,* 1988 U.S. Dist. LEXIS 12122, at *3-4.  Moreover, the location of the attorneys for the parties is a relevant factor in the court's analysis.  *See id.* at *4-5 (citing cases).  Courts commonly determine that rather than compel the parties' attorneys (and probably others with them) to travel to a foreign locale, it is far more logical to require the single deponent to travel to the United States.  *See, e.g., id* (compelling defendant to travel from Greece to Florida (citing *Sugar Hill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 172 (S.D.N.Y. 1985) ("[r]ather than make all three attorneys (and probably others with them) travel to Los Angeles, it seemed wiser to have one witness to come to [New York]"))); *Barrocos*, 2012 U.S. Dist. LEXIS 65523, at *4-5 (compelling deponent to travel from Hong Kong to Florida and noting "[c]orporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy" (quoting *Sugar Hill Records*, 105 F.R.D. at 171)).  In addition, holding depositions in the United States, rather than Bulgaria (which is, as Defendants point out, seven time zones away), allows the court to resolve any disputes that should arise during the deposition without requiring costly continuances.  *See Meige*, 1988 U.S. Dist. LEXIS, at *5.

United States if the mediation and Titov's deposition are held together.  Plaintiffs' proposed plan offers the best chance for the parties to resolve this dispute as quickly as possible and with minimal time and expense for all of the parties and the Court.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Leave to Participate in Court-Annexed Mediation by Skype or Videoconference and endorse Plaintiffs' Proposed ADR Process in the form of the attached proposed order.

Dated:  October 27, 2014                     Respectfully submitted,

*/s/ Karen L. Stetson*

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887
karen.stetson@gray-robinson.com

OPPENHEIM + ZEBRAK, LLP
Matthew J. Oppenheim (admitted *pro hac vice*)
Kerry M. Mustico (admitted *pro hac vice*)
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
Tel:  202-621-9027
matt@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via ECF to the parties on the Service List below on this 27th day of October, 2014.

By:  */s/ Karen L. Stetson*

**SERVICE LIST**

Valentin D. Gurvits
Matthew Shayefar
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

Brady J. Cobb
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cemlaw.net

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com