**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-CIV-20200-BLOOM/Valle**

PEARSON EDUCATION, INC, ELSEVIER, INC.,
CENGAGE LEARNING, INC., JOHN WILEY &
SONS, INC., and MCGRAW-HILL GLOBAL
EDUCATION HOLDINGS, LLC,

      Plaintiffs,

v.

HOTFILE CORP., and ANTON TITOV,

      Defendants.

_____/

### ORDER ON DEFENDANT'S MOTION TO DISMISS

      This matter is before the Court upon Defendant Anton Titov's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. [16]. The Court has reviewed the motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, and as further set forth at oral argument, the Court now denies Defendant's Motion.[1]

### I. INTRODUCTION

      Defendant Hotfile Corporation ("Hotfile"), a Panamanian corporation, formerly operated hotfile.com, an online "storage locker" which allowed users to upload and share digital content. ECF No. [1] at ¶ 6. No restriction was placed on the type of content that could be uploaded and subsequently downloaded by Hotfile's users; as a result, a large percentage of the files transferred through the Hotfile service were unauthorized copies of copyrighted works. *See id.*

_____

[1] Oral argument on this matter was held on October 23, 2014.

Plaintiffs, Pearson Education, Inc., Elsevier, Inc., Cengage Learning, Inc., John Wiley & Sons, Inc., and McGraw-Hill Global Education Holdings, LLC (collectively, "Plaintiffs"), are five of the largest textbook publishing companies in the United States. *Id.* at ¶ 1. The nature of Hotfile's service permitted its users to freely download and distribute titles published by Plaintiffs without limitation, potentially costing Plaintiffs millions of dollars in revenue. *Id.* at 7. Accordingly, Plaintiffs commenced this action on January 17, 2014, alleging that Defendants intentionally and willingly allowed for, encouraged, and profited from, the illegal download and distribution of their copyrighted works in violation of 17 U.S.C. § 106, and are thus vicariously liable for the copyright infringement committed by Hotfile users. *See id.* at ¶¶ 38-48.

## II. APPLICABLE LEGAL STANDARD

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint as true, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court was clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The plaintiff bears the initial burden of presenting a prima facie case for personal jurisdiction. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). A plaintiff makes out a prima facie case if she presents sufficient evidence to withstand a motion for directed verdict. *Madara v. Hall*, 916 F.3d 1510, 1514 (11th Cir. 1990). If the defendant then presents a meritorious challenge to personal jurisdiction through affidavits, documents, or

testimony, the burden shifts back to the plaintiff to once again demonstrate jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996).  Upon coming forward with evidence to counter defendant's submissions, plaintiff's evidence must be credited even if it conflicts with defendant's; thus, to the extent the plaintiff's complaint and the defendant's affidavits, testimony, or documents conflict, the district court is bound to construe all reasonable inferences in favor of the plaintiff.  *Madara*, 916 F.3d at 1514.

### III. DISCUSSION[2]

Defendant Anton Titov ("Titov") was allegedly responsible for programming the Hotfile system, as well as being one of Hotfile's main investors, executives, and operators responsible for Hotfile's business model.  *Id.* at ¶¶ 9, 19, 36.   In 2009, Hotfile began experiencing connectivity issues.  *See Disney Enterprises, Inc. v. Hotfile Corp.*, Case No. 11-CIV-20427-Williams, ECF No. [317] (S.D. Fla. Mar. 5, 2012);  *see also* ECF No. [29-11].  In response to this issue, Titov formed Lemuria Communications, Inc. ("Lemuria") to deliver internet connectivity and other services to Hotfile.  *See Disney*, Case No. 11-CIV-20427-Williams, ECF No. [317] at ¶ 13; ECF No. [29-11] at ¶ 13l; *see also* ECF No. [1] at ¶ 21.  Lemuria is a Florida corporation which maintains a principal address in Fort Lauderdale, Florida.  *See* Florida Dep't of State, Div. of Corp., www.sunbiz.org (click on "Document Searches" tab; then click "Corporation Trademark LLC LP" pull-down tab; then click "Inquire by Entity Name" pull-down tab; then search "Lemuria Communications"); ECF No. [32-1] at ¶ 6.  Although the Hotfile website was terminated in December 2013, Lemuria continues to provide web hosting

---

[2] The parties have submitted and directed the Court to materials outside of the pleadings.  While reference to extraneous materials would ordinarily convert a motion to dismiss into one for summary judgment, see Fed. R. Civ. P. 12(b), this is not the case in the context of a motion to dismiss for want of personal jurisdiction.  *Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d 1499, 1501 n. 1 (11th Cir. 1984).

services to third parties and lists Titov as its principal to this very day. *See id*; ECF No. [32-1] at ¶ 11; ECF No. [16-2] at ¶ 3.

This is not the first time Defendants in this matter have seen the inside of a courtroom. Prior to the initiation of the instant litigation, the Honorable Judge Kathleen M. Williams determined that Defendants, including Titov, were vicariously liable for copyright infringement in a related case. *See Disney Enterprises, Inc. v. Hotfile Corp.*, 2013 WL 6336286 (S.D. Fla. Sept. 20, 2013). Among other findings, Judge Williams found, *inter alia*, that Titov was a "high-ranking, central figure at Hotfile," who owned a large stake in the company, was "indispensable" in the company's formation and the development of its business model, was responsible for operations and managerial decisions, and has "had a hand in every aspect of the conduct underpinning the [plaintiff's] theories of liability," including writing the programming code for the Hotfile interface which allows direct infringers to upload and download protected works. *See id.* at *44. The Court noted that Titov, as sole owner, manager, and director of Lemuria, the company "which owns and maintains the servers on which the infringing files at issue are stored," provided the mechanisms necessary for Hotfile to operate. *See id.* Moreover, Titov was responsible for setting up Hotfile's Digital Millennium Copyright Act ("DMCA") agent in Florida, who received millions of infringement notices. *See id.* Ultimately, the Court held that Titov retained "sufficient financial benefit and control for the Court to conclude that [he] is liable under a theory of vicarious liability." *See id.* at *45.

In *Disney*, Titov inadvertently waived any objection to personal jurisdiction by appearing and litigating the claims at issue. *See id.* Titov does not seek to make the same mistake twice. Here, Defendant Titov challenges the Court's jurisdiction over him. *See* ECF No. [16]. Plaintiffs assert that Titov's extensive involvement with Hotfile, as well as its ISP-affiliate

Lemuria, a Florida corporation, are sufficient to confer general jurisdiction over him. *See* ECF No. [29] at 13-15, 19-20.

In order to determine whether a district court may exercise personal jurisdiction over a nonresident defendant, a two-part inquiry is required. *Sculptchair*, 94 F.3d at 626. First, the Court must determine whether the Florida long-arm statute provides a sufficient basis for personal jurisdiction. *Id.* After deeming jurisdiction appropriate under Florida law, the Court must then ascertain whether "sufficient minimum contacts exist between the defendant[] and the forum state so as to satisfy 'traditional notions of fair play and substantial justice' under the Due Process Clause of the Fourteenth Amendment." *Id.* (internal quotation and citation omitted).

A.      **Florida's Long Arm Statute**

A defendant may be subject to Florida's long-arm statute through two methods of activity. *See* Fla. Stat. § 48.193. Pursuant to Florida's general jurisdiction, a defendant may be haled into a Florida court if he or she is "engaged in substantial and not isolated activity within [the] state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Florida courts have interpreted "substantial and not isolated activity" to mean "continuous and systematic general business contact." *See Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1298 (S.D. Fla. 2007) (citation omitted). Indeed, in order for a defendant to fall within Florida's general jurisdiction, a defendant's contacts "must be so extensive to be tantamount to [the] defendant being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in the forum state's courts in any litigation arising out of any transaction or occurrence taking place anywhere in the world." *Exhibit Icons,*

*LLC v. XP Companies, LLC*, 609 F. Supp. 2d 1282, 1295 (S.D. Fla. 2009) (internal formatting and citation omitted).

Alternatively, under a theory of specific jurisdiction, the relevant portions of Florida's long-arm statute provide that a court may exercise jurisdiction over a party "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state," or over a party who commits "a tortious act within [the] state." Fla. Stat. § 48.193(1)(a)(1) and (2). The business activity "must be considered collectively and show a general course of business activity in the State for pecuniary benefit." *See Sculptchair*, 94 F.3d at 627 (citing *Dinsmore v. Martin Blumenthal Assocs., Inc.*, 314 So. 2d 561, 564 (Fla 1975)). With respect to the "tortious activity" provision, copyright infringement will qualify. *See Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 857 (11th Cir. 1990) (finding a violation of copyright and communications laws to satisfy the "tortious activity" provision of the Florida long-arm statute); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013) (holding that trademark infringement occurring in Florida satisfied the "tortious activity" provision of the Florida long-arm statute); *Roof & Rack Products, Inc. v. GYB Investors, LLC*, 2014 WL 3116413, at *2 (S.D. Fla. July 8, 2014) ("Copyright infringement is a tortious act, and a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state." (internal citations omitted)). While Florida's specific jurisdiction requires the plaintiff to establish a nexus between the injuries suffered and the defendant's contacts, Florida's general jurisdiction does not create this obligation. *See Woods v. Nova Companies Belize Ltd.*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999) (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 416 (1984)).

Irrespective of which method applies, "Florida's long-arm statute is to be strictly construed." *Sculptchair*, 94 F.3d at 627. "Since the extent of the long-arm statute is governed by Florida law, federal courts are required to construe it as would the Florida Supreme Court." *Id.* (quoting *Cable/Home Communication v. Network Prods.*, 902 F.2d 829, 856 (11th Cir. 1990))Nic. Furthermore, "[a]bsent some indication that the Florida Supreme Court would hold otherwise, [federal courts] are bound to adhere to decisions of [Florida's] intermediate courts." *Id.* (citation omitted).

The Court sees no reason why Judge Williams' findings of fact with respect to Defendant Titov's extensive involvement in Hotfile, in conjunction with his continued operation of a Florida corporation, does not confer jurisdiction upon this Court pursuant to § 48.193(2). Although Titov argues that his actions specifically during the statutory period[3] do not support Judge Williams' findings, the Court is not persuaded. The only facts set forth by Titov is that the Hotfile system was modified subsequent to the *Disney* litigation in order to combat infringement. Nothing has been introduced that would otherwise obviate Judge Williams' findings that Titov was instrumental in the organization, maintenance, and operation of the Hotfile enterprise, a business operating in Florida. Coupled with Titov's continued operation of a Florida corporation, these facts are sufficient to find jurisdiction under Florida's general jurisdiction. Additionally, these same facts support a finding that Titov was "operating, conducting, engaging

---

[3] The statute of limitations on a claim for copyright infringement is three years from the date the claim accrued, i.e., the infringement. 17 U.S.C. § 504(b). Thus, any infringement occurring prior to January 17, 2011, is barred (this action was filed on January 17, 2014).

in, or carrying on a business or business venture in this state." Fla. Stat. § 48.193(1)(a)(1).  For

these reasons, jurisdiction is proper under the Florida long-arm statute.[4]

B.      **Due Process, Minimum Contacts**

The second prong of the personal jurisdiction inquiry focuses on whether "sufficient

minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional

notions of fair play and substantial justice.'"    *Sculptchair*, 94 F.3d at 626 (internal citation

omitted); *see also International Shoe v. Washington*, 326 U.S. 310, 316 (1945).  With respect to

this constitutional requirement, courts concern themselves with whether the conduct of the

defendant is of a character that he "should reasonably anticipate being haled into court there."

*Madara*, 916 F.3d at 1516 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985);

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).   A defendant's actions

must, in some way, evince the fact that the defendant has purposefully availed himself "of the

privilege of conducting activities within the forum."   *Id.* (quoting *Hanson v. Denckla*, 357 U.S.

235, 253, *reh'g denied*, 358 U.S. 858 (1958)).   Thus, the defendant must create a "substantial

connection" with the forum state in order for the exercise of jurisdiction to be proper.   *See id.*

(citing *Burger King*, 471 U.S. at 475).   Defendant Titov satisfies this requirement.

Judge Williams found that Titov's involvement with the Hotfile business were extensive,

noting that "the hallmarks of participation, control, and benefit are *undeniably* present."   *Disney*,

2013 WL 6336286, at *44.   More specifically, it was determined that Titov was a high-ranking,

central figure at Hotfile, who was critical to the company's formation and maintenance.   *See id.*

Notably, Titov "has personally had a hand in every aspect of the conduct underpinning the

---

[4]   The Court respectfully declines to opine on whether Titov's actions can satisfy §
48.193(1)(a)(2), which confers jurisdiction over a party who commits "a tortious act within [the]
state."

[plaintiffs'] theories of liability." *Id.* The infringement activities Plaintiffs' complain of are identical as those in *Disney*. Accordingly, although Titov resides in Bulgaria, he can reasonably expect to be haled into court in the United States for the allegedly pervasive infringement activities of a business operating here.

With respect to "fair play and substantial justice," courts must consider various factors to establish the reasonableness of jurisdiction. *Madara*, 916 F.3d at 1517 (citation omitted). These factors include "the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies." *Id.* (citing *Burger King*, 471 U.S. at 477; *World-Wide Volkswagen*, 444 U.S. at 292). "Where these factors do not militate against otherwise permitted jurisdiction, the Constitution is not offended by its exercise. *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008) (citation omitted). While the burden on Defendant Titov may be substantial as he will be obligated to defend this action far from his residence in Bulgaria, the other factors overwhelmingly favor the exercise of jurisdiction. Florida, as well as the United States, has a substantial interest in obtaining relief for the copious infringement alleged in Plaintiffs' Complaint. *See id.* at 1288 ("Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida."). Moreover, Defendant Titov has not demonstrated "that the assertion of jurisdiction in the forum will make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 948 (11th Cir. 1997)

(citing *Burger King*, 471 U.S. at 478).  The Constitution is not offended by Florida's assertion of its jurisdiction over Titov.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Anton Titov's Motion to Dismiss for Lack of Personal Jurisdiction, **ECF No. [16]**, is **DENIED**. Defendant shall file an Answer in this matter no later than November 23, 2014.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 29th day of October, 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT COURT

Copies to:
Counsel of Record