# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 14-20200-CIV-BLOOM/VALLE

PEARSON EDUCATION, INC., ELSEVIER, INC.,
CENGAGE LEARNING, INC., JOHN WILEY &
SONS, INC., AND MCGRAW-HILL GLOBAL
EDUCATION HOLDINGS, LLC,

    *Plaintiffs*,

v.

HOTFILE CORP. and ANTON TITOV,

    *Defendants*.

_____/

## PLAINTIFFS/COUNTER-DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COUNTERCLAIMS (COUNTS I-III)

Pearson Education, Inc., Elsevier, Inc., Cengage Learning, Inc., John Wiley & Sons, Inc., and McGraw-Hill Global Education Holdings, LLC ("Plaintiffs") respectfully submit this reply in support of their motion to dismiss the Counterclaims (Counts I-III), and state as follows:

## ARGUMENT

### I. THE DMCA SAFE HARBOR COUNTERCLAIM (COUNT I) MUST BE DISMISSED BECAUSE THERE IS NO ACTUAL CASE OR CONTROVERSY

Titov misleadingly cobbles together snippets from Plaintiffs' Complaint, as well as prior briefing and oral argument on an unrelated motion. Notwithstanding Titov's protestations,[1] there simply is no case or controversy with respect to Hotfile's entitlement to the DMCA safe harbor after February 18, 2011. Plaintiffs have expressly represented, and do hereby re-affirm and warrant, that, in this litigation or otherwise, they will not pursue a copyright infringement claim against Hotfile or Titov with respect to the infringing activity that took place through the Hotfile system after February 18, 2011 but prior to the shutdown of the site in 2013. That statement, which is binding and cannot be retracted, is more than enough to moot any argument that there exists a case or controversy with respect to the period after February 18, 2011. To the extent that there remains any doubt regarding Plaintiffs' Complaint, including their request for injunctive relief, Plaintiffs are prepared to amend it to make clear that they have affirmatively limited their claims to prior to February 18, 2011, and if the Court deems appropriate, to eliminate the request for injunctive relief.

Plaintiffs' single claim in this action is premised on and bounded by Judge Williams'

---

[1] Titov opens his opposition brief with the Shakespearean quote, "he doth protest too much," yet, ironically, then proceeds to do nothing but protest. Titov's palpable righteous indignation is just as ironic given that he is an adjudicated infringer who lined his pockets at the expense of others' creative labors.

2

summary judgment decision in *Disney Enters., Inc. v. Hotfile Corp.*, No. 1:11-cv-20427-CIV-KMW, 2013 WL 6336286, 2013 U.S. Dist. LEXIS 172339 (S.D. Fla. Aug. 28, 2013) (the "Disney Order"). *See* Compl. ¶ 8 (citing the Disney Order). Judge Williams found that Hotfile was not entitled to the DMCA's safe harbor prior to February 18, 2011, and that Hotfile and Anton Titov were vicariously liable for copyright infringement occurring via the Hotfile website prior to that date. Plaintiffs have not tried to leave open the possibility of liability beyond that contemplated in Judge Williams' finding. On the contrary, in their opening brief Plaintiffs expressly stipulated and covenanted that they do not, and will not, make a claim for infringement after February 18, 2011. *See* Mot. at 8 (ECF No. 51) ("Plaintiffs have not, and can *state unequivocally that they will not*, challenge Hotfile's entitlement to the DMCA's safe harbor after February 18, 2011.") (emphasis added).

Titov fully acknowledges that Plaintiffs can render Count I moot, yet refuses to recognize that Plaintiffs have done just that. Titov says that Plaintiffs "could enter into a comprehensive stipulation as to liability and damages post-February 18, 2011." Opp. at 8. Plaintiffs have done just this by affirmatively representing the limits of their claims. It is difficult to see how Plaintiffs could make the boundaries of their one claim any clearer. *See* Mot. at 8. Nor does Titov elaborate. From the moment it became clear that Defendants sought to direct the course of this litigation to a finding that Hotfile is entitled to the safe harbor after February 18, 2011, Plaintiffs immediately warranted to Defendants and this Court that they are not suing and will not sue Hotfile or Titov for any infringing activity that occurred post-February 18, 2011. Plaintiffs have already stated that they do not challenge Hotfile's contention that it is entitled to the DMCA safe harbor after February 18, 2011. Accordingly, Titov's argument as to the adequacy of Plaintiffs' stipulation appears to be

nothing more than a smokescreen for his true objective, which is to use the current dispute to obtain an advisory opinion that helps Defendants ward off potential claims from other copyright holders.

Titov argues that if Plaintiffs "truly wanted to render Count I of the Counterclaims moot," Plaintiffs could answer the Counterclaims and admit that Hotfile is entitled to the DMCA safe harbor after February 18, 2011. Titov provides no justification, nor authority, for requiring Plaintiffs to make a legal determination that requires facts about which Plaintiffs have no knowledge, and which has no bearing on Plaintiffs' claim but which could hurt them as a matter of precedent. Plaintiffs have already stipulated that they are not suing and will not sue Hotfile or Titov for the infringing activity that occurred post-February 18, 2011, and that they do not challenge Hotfile's contention that it is entitled to the DMCA safe harbor after February 18, 2011. That is more than enough. Titov's desire for an advisory opinion to stymie future litigation, *from others*, cannot justify the existence of Count I of the Counterclaims.

Titov argues that because Plaintiffs requested injunctive relief in the Complaint, Plaintiffs must be making a claim for infringement after February 18, 2011—and thus there must be an actual controversy as to their entitlement to the DMCA safe harbor. Opp. at 7. Titov is wrong. If Plaintiffs ultimately choose to pursue an injunction following a finding of Defendants' liability for the infringing activity prior to February 18, 2011, Defendants can simply be enjoined from infringing Plaintiffs' copyrights in the future. Such injunction would be justified based on the actual finding of infringement in this case, without any need to address the period of February 18, 2011 through shutdown of the Hotfile system in 2013.

Titov is not entitled to an advisory opinion. Nor does the DMCA safe harbor provide

4

an affirmative cause of action.  *See Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822 (HB), 2008 WL 4974823, 2008 U.S. Dist. LEXIS 95514, at *12-13 (S.D.N.Y. Nov. 24, 2008) (dismissing declaratory judgment counterclaims in copyright infringement action and noting that "[i]f the plaintiff were to dismiss its infringement claim, [the defendant's] defense under the DMCA could not stand on its own and there would be no remaining case or controversy").  The safe harbor is a defense only, and one that Titov has already pleaded.  The Court should dismiss Titov's counterclaim in Count I because it does not allege an "actual controversy."

## II.   THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS COUNT I OF TITOV'S COUNTERCLAIMS BECAUSE OF THE PREJUDICE TO PLAINTIFFS

In addition to dismissal on the basis of a lack of a case or controversy, the Court should dismiss Count I because of the prejudice to Plaintiffs if the claim remains.  While Titov attempts to miscast Plaintiffs' argument as to prejudice, Count I, if it is allowed to stand, will undoubtedly change the entire focus of discovery and the course of this litigation.  As mentioned above, Plaintiffs make no claim for the infringing activity on Hotfile after February 18, 2011, and have indicated they do not challenge Hotfile's claim of entitlement to the DMCA safe harbor from that date until shutdown of the site in 2013.  Yet if Count I of the Counterclaims remains, Plaintiffs would be forced to engage in extensive discovery regarding Defendants' efforts to comply with the DMCA after that date, along with briefing on myriad complicated and novel legal issues —all only so that Defendants can possibly walk away with a helpful ruling in their pocket should other copyright holders come knocking at their door.  Needless to say, the fact discovery, expert discovery, and related legal briefings would dramatically and needlessly impact the length and costs of this litigation.  Defendants are seeking to hijack Plaintiffs' case in order to obtain a ruling on an issue not in dispute.  In so

doing, they would dramatically increase the costs to Plaintiffs.  Accordingly, the Court should exercise its discretion to dismiss Count I.

### III. THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS TITOV'S COUNTERCLAIMS BECAUSE THEY ARE REDUNDANT AND SERVE NO USEFUL PURPOSE

In Section II of Titov's argument, he inserts yet another red herring.  Plaintiffs have not argued that duplicative counterclaims *must* be dismissed.  Rather, as Plaintiffs actually argue, dismissal simply makes the most sense, and is well within the Court's discretion as exercised by numerous other courts in similar circumstances.  *See, e.g., It's a 10, Inc. v. Beauty Elite Group, Inc.*, No. 13-60154-CIV-COHN, 2013 WL 4543796, 2013 U.S. Dist. LEXIS 121773, at *14 (S.D. Fla. Aug. 27, 2013) (dismissing mirror-image counterclaims because they would be "wholly resolved by the court's decision on plaintiff's claim and defendant's affirmative defense"); *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co.*, No 11-21163-CIV-GOODMAN, 2012 WL 1416428, 2012 U.S. Dist. LEXIS 57041, at *7-8 (S.D. Fla. Apr. 24, 2012) (dismissing declaratory judgment counterclaim because they required resolution of the same factual issues as the main action); *Sembler Family P'ship #41, Ltd. v. Brinkler Fla., Inc.,* No. 08-cv-1212-T-24 MAP, 2008 WL 5341175, 2008 U.S. Dist. LEXIS 104707, at *4 (M.D. Fla. Dec. 19, 2008) (declining to exercise jurisdiction over defendant's declaratory judgment counterclaim because it was "redundant and unnecessary"); *Arista Records*, 2008 U.S. Dist. LEXIS 95514, at *14 (dismissing declaratory judgment counterclaims because they were duplicative of the defenses and the DMCA provides no affirmative cause of action).

Titov then conflates whether the Counterclaims are duplicative of the allegations in the Complaint with the question actually relevant here, which is whether the Counterclaims

6

are duplicative of Titov's affirmative defenses.  *See* Opp. at 10 ("[T]he Counterclaims also serve a separate purpose from the Complaint and should not be dismissed.").  There is no doubt that Titov's affirmative defenses are indistinguishable from the Counterclaims, which seek a declaratory judgment of non-liability based on the DMCA safe harbor, laches, and statute of limitations.  *Cf.* Titov's Answer (ECF No. 48), Affirmative Defenses ¶ 1 ("The Complaint is barred … by the statute of limitations."); *id.* ¶2 ("The Complaint is barred … by the doctrine of laches."); *id.* ¶ 15("Defendants are entitled to the safe harbor of the [DMCA] and, as such, the Complaint must fail in whole or in part.").  A defendant need not assert counterclaims in order to raise an affirmative defense.  *See It's a 10, Inc*, 2013 U.S. Dist. LEXIS 121773, at *14; *Arista Records*, 2008 U.S. Dist. LEXIS 95514, at *14.  Moreover, other than seeking a determination that will help Titov ward off future lawsuits from other copyright holders, the Counterclaims have no purpose separate from—and seek no relief different from—the affirmative defenses.  As such, the Counterclaims are redundant, serve no useful purpose, and should be dismissed.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an order dismissing Titov's Counterclaims with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:  January 15, 2015

Respectfully submitted,

*/s/ Karen L. Stetson*

GRAY-ROBINSON, P.A.
Karen L. Stetson (FL Bar No. 742937)
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887
karen.stetson@gray-robinson.com

OPPENHEIM + ZEBRAK, LLP
Matthew J. Oppenheim (admitted *pro hac vice*)
Kerry M. Mustico (admitted *pro hac vice*)
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
Tel:  202-621-9027
matt@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via ECF to the parties on the Service List below on this 15th day of January, 2015.

By:  */s/ Karen L. Stetson*

8

**SERVICE LIST**

Valentin D. Gurvits
Matthew Shayefar
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

Brady J. Cobb
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cemlaw.net

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com