**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 14-CIV-20200-BLOOM/Valle

PEARSON EDUCATION, INC, ELSEVIER, INC.,
CENGAGE LEARNING, INC., JOHN WILEY &
SONS, INC., and MCGRAW-HILL GLOBAL
EDUCATION HOLDINGS, LLC,

    Plaintiffs,

v.

HOTFILE CORP., and ANTON TITOV,

    Defendants.
_____/

**ORDER ON PLAINTIFFS/COUNTER-DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court upon Plaintiffs/Counter-Defendants, Pearson Education, Inc., Elsevier, Inc., Cengage Learning, Inc., John Wiley & Sons, Inc., and McGraw-Hill Global Education Holdings, LLC's Motion to Dismiss Defendant Anton Titov's Counterclaims, ECF No. [51] ("Motion"). The Court has reviewed the Motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted.

**I. INTRODUCTION**

Defendant Hotfile Corporation ("Hotfile") is the former operator of Hotfile.com, an online "storage locker" which allowed users to upload and share digital content. Compl., ECF No. [1] at ¶ 6. Defendant Anton Titov ("Titov") was allegedly responsible for programming the Hotfile system, as well as being one of Hotfile's main investors, executives, and operators responsible for creating Hotfile's business model. *Id.* at ¶¶ 9, 19, 36. On January 17, 2014,

1

Plaintiffs/Counter-Defendants, Pearson Education, Inc., Elsevier, Inc., Cengage Learning, Inc., John Wiley & Sons, Inc., and McGraw-Hill Global Education Holdings, LLC (collectively, "Plaintiffs") commenced this action alleging that Defendants Hotfile and Titov (collectively, "Defendants") intentionally and willingly allowed for, encouraged, and profited from, the illegal download and distribution of their copyrighted works in violation of 17 U.S.C. § 106, and are vicariously liable for the copyright infringement committed by Hotfile users. *See id.* at ¶¶ 38-48. On July 21, 2014, both Defendants responded.

Defendant Hotfile filed its Answer and Affirmative Defenses, ECF No. [15], asserting, among other things, that the claims are barred by the statute of limitations and that it is entitled to the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"). *See id.* 7-8 at ¶¶ 1, 14. Defendant Titov sought to dismiss the claims brought against him for want of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), ECF No. [16]. After conducting oral argument, the Court denied the motion to dismiss, relying, in part, on various findings of fact pertaining to Titov's extensive involvement in Hotfile made by the Honorable Judge Kathleen M. Williams in *Disney Enterprises, Inc. v. Hotfile Corp.*, 2013 WL 6336286 (S.D. Fla. Sept. 20, 2013), wherein Judge Williams found Defendants to be vicariously liable for the copyright infringement occurring on Hotfile's servers. *See* Order, ECF No. [47]. The Court instructed Defendant Titov to file an Answer on or before November 23, 2014. *Id.* at 10. On November 24, Titov complied, answering and also asserting eighteen affirmative defenses, including, but not limited to, defenses based upon the applicable statute of limitations, the doctrine of laches, and the safe harbor provisions of the DMCA. *See* Answer, ECF No. [48] at 7-8 ¶¶ 1, 2, 15. Additionally, Titov asserts counterclaims seeking declaratory judgment on three issues: DMCA safe harbor

(Count I); the statute of limitations (Count II); and the doctrine of laches (Count III).  *See id.* at 16-19.

In the instant Motion, filed December 18, 2014, Plaintiffs request that this Court dismiss Titov's counterclaims as either moot or duplicative.  *See* Mot., ECF No. [51].  Subsequent to the filing of the Motion, however, Hotfile sought to amend its Answer, and leave to amend was granted.  *See* Mot., ECF No. [54]; Order, ECF No. [55].  Hotfile's amendment added three counterclaims which are identical to Titov's.  *Compare* ECF No. [48] at 9-19 *with* ECF No. [56] at 9-19.  Accordingly, Plaintiffs arguments with respect to Defendant Titov's counterclaims are equally applicable to those presented by Defendant Hotfile and no further briefing is required. *See* Stipulation, ECF No. [57].

## II. DISCUSSION

The Declaratory Judgment Act states that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201. Pursuant to the plain language, a district court's ability to grant relief under the Act is permissive, and while the Act "gives the federal courts competence to make a declaration of rights[,] it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942)).  Accordingly, courts retain broad discretion over whether or not to exercise jurisdiction under the Act.  *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1374 (M.D. Fla. 2008).  Further, the Act confers jurisdiction only "[i]n a case of actual controversy." *See* 28 U.S.C. § 2201.  This actual controversy requirement "is jurisdictional and, thus, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.'" *Odyssey Marine Exploration, Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512

F. App'x 890, 895 (11th Cir. 2013) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)). It is with this discretion in mind that the Court addresses Defendants' counterclaims.

### A. *Count I Merits Dismissal Pending Amendment to Plaintiffs' Complaint*

First, Plaintiffs assert that Defendants' DMCA claims are moot as they have expressed their intent to not pursue any infringement occurring after February 18, 2011, the date on which the Hotfile program became fully compliant with all perquisites necessary to qualify for safe harbor immunity under the DMCA. Pointing to both Plaintiffs' Complaint, as well as oral representations made in open court pertaining to an unrelated motion, Defendants aver that Plaintiffs have, in fact, not abandoned any claims of liability and/or damages incurred after February 18, 2011. Nonetheless, Defendants appear to concede that should Plaintiffs commit to the position that they will not seek damages based on alleged infringement subsequent to the date at issue, Count I will be rendered moot. However, as noted, Defendants vehemently contend that Plaintiffs have made no such commitment or stipulation.

In response, Plaintiffs unequivocally express their willingness to abandon any allegations of liability or damages arising from activities occurring after February 18, 2011:

> Plaintiffs have expressly represented, and do hereby re-affirm and warrant, that, in this litigation or otherwise, they will not pursue a copyright infringement claim against Hotfile or Titov with respect to the infringing activity that took place through the Hotfile system after February 18, 2011 but prior to the shutdown of the site in 2013. That statement, which is binding and cannot be retracted, is more than enough to moot any argument that there exists a case or controversy with respect to the period after February 18, 2011. To the extent that there remains any doubt regarding Plaintiffs' Complaint, including their request for injunctive relief, Plaintiffs are prepared to amend it to make clear that they have affirmatively limited their claims to prior to February 18, 2011, and if the Court deems appropriate, to eliminate the request for injunctive relief.

Reply, ECF No. [58] at 2.  By making this statement, submitted in a filing signed by Plaintiffs' counsel, Plaintiffs have certified and explicitly represented, not only to Defendants, but more importantly, to the Court, that this statement is true and not presented with an improper purpose. *See* Fed. R. Civ. P. 11(b).  Indeed, "no legacy is so rich as honesty."[1]  William Shakespeare, All's Well That Ends Well, act 3, sc. 5, 11.  In order to further appease Defendants' worries, Plaintiffs, upon submission of their Amended Complaint, shall be required to modify their pleadings to reflect the assertions made above.  As no claims for infringement exist beyond the date that the Hotfile system became DMCA compliant, no actual controversy exists and Count I will be rendered moot upon submission of Plaintiffs' Amended Complaint.

Moreover, dismissal of Count I is also appropriate for other reasons.  The DMCA safe harbor provisions are more appropriately classified as an affirmative defense, not an affirmative cause of action.  *See Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-20427-CIV, 2013 WL 6336286, at *19 (S.D. Fla. Sept. 20, 2013) (noting that the DMCA is an affirmative defense); *Arista Records LLC v. Usenet.com., Inc.*, No. 07 CIV. 8822 (HB), 2008 WL 4974823, at *4 (S.D.N.Y. Nov. 24, 2008) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1077-78 (9th Cir. 2004) (discussing § 512 safe harbors, reviewing legislative history and determining that the "limitations of liability apply if the provider is found to be [already] liable *under existing principles of law*." (emphasis in original))) ("The DMCA does not provide an affirmative cause of action."); *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1271 (S.D. Cal. 2007) ("There can be no question that Section 512(c) is usually and most easily applied as an affirmative defense to a claim of specific copyright infringement." (citation omitted)); *see also Columbia*

---

[1] The Court is also cognizant of the fact that "[t]o be honest, as this world goes, is to be one man picked out of ten thousand."  William Shakespeare, Hamlet, act 2, sc. 2, 170-71.  However, while Hamlet's perception of society may be bleak, the Court chooses to place a little more faith in the integrity of the attorneys that appear before it.

*Pictures Industries, Inc. v. Fung*, 710 F.3d 1020, 1039 (9th Cir. 2013) ("Because the DMCA safe harbors are affirmative defenses, [a defendant] has the burden of establishing that he meets the statutory requirements."). Accordingly, as Count I is improperly asserted as a cause of action, dismissal on this basis is also warranted.

### B. *The Counterclaims are Duplicative of Defendants' Affirmative Defenses*

An initial comparison quickly reveals that the counterclaims asserted by Defendant are simply more verbose recitations of affirmative defenses previously pled. Defendants assert that this fact does not necessitate their disposal. However, Defendants correctly acknowledge that the Court's ability to dismiss these redundant claims is within its discretion. *See Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) ("Even if the counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim."). In determining whether an otherwise duplicative counterclaim warrants dismissal, courts often consider whether the claim serves a useful purpose. *U.S. ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, No. 13-22536-CIV, 2014 WL 186125, at *5 (S.D. Fla. Jan. 16, 2014) (quoting *Medmarc*, 783 F. Supp. 2d at 1217).

Here, there is no favorable reason or useful purpose to retain the counterclaims. Resolution of Plaintiffs' claims and Defendants' affirmative defenses will decide the factual and substantive issues presented by Defendants' counterclaims. *See BAC Funding*, 2014 WL 186125, at *5 ("Because the resolution of BAC's claims and ACE's defenses thereto would resolve the questions raised in ACE's counterclaim, the Court finds that the counterclaim for declaratory judgment serves no useful purpose. . . . Accordingly, the Court will exercise its discretion to dismiss ACE's counterclaim." (citations omitted)); *It's a 10, Inc. v. Beauty Elite Grp., Inc.*, No. 13-60154-CIV, 2013 WL 4543796, at *5 (S.D. Fla. Aug. 27, 2013) (exercising

6

discretion in dismissing redundant counterclaim).  For instance, "[i]f the [P]laintiff[s] were to dismiss [their] infringement claim, [Defendants'] defense under the DMCA could not stand on its own and there would be no remaining case or controversy."  *Arista Records*, 2008 WL 4974823, at *4.  Likewise, it is axiomatic that the statute of limitations is an affirmative defense.  *See Davenport Recycling Associates v. C.I.R.*, 220 F.3d 1255, 1259 (11th Cir. 2000) ("The expiration of a statute of limitations is an affirmative defense that may be pled in a case which is already within the court's authority to decide . . . .").  Similar to Defendants' DMCA defense, should Plaintiffs, for some unknown reason, dismiss their claims, Defendants' counterclaims would not present an actual controversy.  For these same reasons, Defendants' counterclaim for declaratory judgment under the doctrine of laches is redundant and unnecessary.  *Lehman Bros. Holdings Inc. v. Mortgage Firm, Inc.*, No. 6:13-CV-414-ORL-37, 2013 WL 3149244, at *2 (M.D. Fla. June 20, 2013) ("Laches is an affirmative defense . . . .").

### III. CONCLUSION

Defendants' counterclaims are markedly superfluous.  Resolution of Plaintiffs' claims will determine the applicability of Defendants' counterclaims without duplicative efforts that they now seek.  For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Dismiss Defendant Anton Titov's Counterclaims, **ECF No. [51]**, is **GRANTED**.  Defendants' Counterclaims—ECF No. [48] at 9-19 (Defendant Hotfile); ECF No. [56] at 9-19 (Defendant Titov)—are hereby **DISMISSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of January, 2015.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

8